```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED:
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

CARLOS MANUEL ARIAS-BAEZ,

Defendant.

No. 18-CR-309 (RA)

OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

On February 2, 2021, Defendant Carlos Arias-Baez ("Arias") filed an emergency motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A), seeking compassionate release in light of the COVID-19 pandemic. Dkt. 34 ("Mot."). Arias, who is currently incarcerated at FCI McKean in Lewis Run, Pennsylvania, suffers from several health conditions that place him at an increased risk for severe harm from COVID-19. Although the Government acknowledges that Arias "has proffered a basis for the Court to find that extraordinary and compelling reasons for release exist," it opposes his motion on the ground that release would be inappropriate in light of his underlying criminal conduct. Dkt. 36 ("Opp.").

The Court finds that extraordinary and compelling reasons exist to release Arias to home incarceration, and that such a reduction is consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a). As requested in his motion, Arias shall be placed on supervised release status with home incarceration until January 19, 2023, the date on which he was expected to complete his custodial sentence.

## BACKGROUND

On October 25, 2018, Arias pleaded guilty to distributing and possessing with intent to distribute a hundred grams and more of heroin in violation of 21 U.S.C. § 841(b)(1)(B). On March 1, 2019, this Court sentenced Arias to the mandatory-minimum term of 60 months' imprisonment. Arias has been incarcerated at FCI McKean ever since.

On February 2, 2021, Arias filed the instant motion seeking compassionate release on the basis that "the uncontrolled COVID-19 outbreak at FCI McKean" in conjunction with his untreated hypertension, history of smoking, and weight places him at great risk of developing severe complications from the virus. Mot. at 1. Since November 2020, Arias has registered elevated blood-pressure readings and sought medical attention for headaches, dizziness, and blurred vision, consistent with a diagnosis of hypertension. Citing data from the Centers for Disease Control and Prevention ("CDC"), Arias avers that the combination of his underlying conditions puts him a higher risk of serious illness, hospitalization, and death from COVID-19. Arias also argues that the non-violent nature of his drug offense, his strong community ties, and his limited criminal history weigh in favor of a sentence reduction. Arias attached to his motion a request for compassionate release dated January 18, 2021 that he maintains he submitted to the Bureau of Prisons ("BOP").

On February 9, the Government filed a letter opposing Arias's motion on two grounds. First, the Government asserted that Arias had not yet exhausted his administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A)(i), insisting that the BOP had not received any request from Arias. Second, the Government argued that the sentencing factors set forth in 18 U.S.C. § 3553(a) do not support Arias's release from prison. On February 17, Arias wrote a letter that informed the

Court of the BOP's denial of his request for compassionate release, and attached that decision. Dkt. 38.

## LEGAL STANDARD

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a court may reduce the term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The Court may order a sentence reduction upon finding that (1) "extraordinary and compelling reasons warrant such a reduction," (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the reduction is supported by the factors set forth in 18 U.S.C. § 3553(a). *See id*. The Court of Appeals for the Second Circuit has stated that the First Step Act has "freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). "The only statutory limit on what a court may consider to be extraordinary and compelling is that '[r]ehabilitation . . . *alone* shall not be considered an extraordinary and compelling reason.'" *Id.* at 238 (quoting 28 U.S.C. § 994(t) (emphasis in *Brooker*)).

## DISCUSSION

As an initial matter, the Court notes that the BOP's February 9, 2021 denial of Arias's request for compassionate release moots the Government's first basis for opposing this motion. That denial confirms that Arias has exhausted his administrative remedies and removes any statutory impediment to a judicial reduction of his sentence. *See* 18 U.S.C. § 3582(c)(1).

The Government "acknowledges that [Arias] has proffered a basis for the Court to find that extraordinary and compelling reasons for release exist within the meaning of § 3582(c)." Opp. at 7. Arias is a 32-year old former smoker who is medically overweight and appears to suffer from untreated hypertension. According to CDC guidance included with Arias's motion, someone with comorbidity, *i.e.*, the simultaneous presence of two underlying conditions, is at a significantly greater risk for hospitalization from COVID-19 than someone with only one such condition. *See* Dkt. 34-7.

The current conditions of Arias's incarceration increase the possibility that he will be exposed to the virus and suffer severe illness therefrom. Although the Court recognizes the significant measures that BOP facilities have adopted to mitigate the spread of the virus, a heightened risk of exposure is nonetheless "inherent to a carceral setting." *United States v. Rodriguez*, No. 17-CR-157 (VEC), 2020 WL 3051443, at *2 (S.D.N.Y. June 8, 2020); *see also United States v. Park*, 456 F. Supp. 3d 557, 560 (S.D.N.Y. 2020) ("The nature of prisons – crowded, with shared sleeping spaces and common areas, and often with limited access to medical assistance and hygienic products – put those incarcerated inside a facility with an outbreak at heightened risk."). The experience of FCI McKean bears that out. According to the BOP, which maintains updated data on the spread of the coronavirus in federal facilities, there are currently three confirmed active cases of COVID-19 at FCI McKean, all among the inmate population. *See* www.bop.gov/coronavirus/ (last accessed March 10, 2021). Those numbers fluctuate constantly. On February 9, 2021, there were 30 active cases among the incarcerated population. Indeed, as of that date, FCI McKean had documented a total 458 cases in the facility since the outset of the pandemic. That figure comprises more than half of the current inmate population. In light of those

conditions, and the current state of the pandemic, the Court finds Arias's medical conditions sufficiently extraordinary and compelling to convert his sentence to one of home incarceration.

The Government, without disputing that the above conditions provide a basis for a sentence reduction within the meaning of § 3582(c), maintains that the sentencing factors weigh against Arias's release. The Court disagrees. When deciding a motion for sentencing reduction, "[a]pplication of the § 3553(a) factors requires an assessment of whether the relevant factors outweigh the extraordinary and compelling reasons warranting compassionate release and whether compassionate release would undermine the goals of the original sentence." *United States v. Daugerdas*, No. 09-CR-581, 2020 WL 2097653, at *4 (S.D.N.Y. May 1, 2020) (alterations and internal quotation marks omitted). Among the pertinent factors to balance are the "nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence "to reflect the seriousness of the offense," "to provide just punishment for the offense," "to protect the public from further crimes of the defendant," "to provide the defendant with needed educational or vocational training, [or] medical care" and "to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a).

Judges within the Second Circuit have granted motions for compassionate release when there is not only an extraordinary and compelling reason to do so, but the sentencing factors support such a reduction. *See, e.g., United States v. Pellot,* No. 19 CR 169 (VM), 2021 WL 807242, at *3 (S.D.N.Y. Mar. 3, 2021) (reducing sentence based in part on nonviolent nature of drug offense, defendant's history with substance abuse, and rehabilitative efforts); *United States v. Pappas*, No. 17-CR-67 (LDH), 2020 WL 5658775, at *2 (E.D.N.Y. Sept. 23, 2020) (granting

compassionate release to defendant convicted of manufacturing marijuana based on non-violent nature of crime, defendant's minimal criminal history, and evidence of significant family ties).

Although Arias's underlying crime—possession of heroin with intent to distribute—is undoubtedly serious, the sentencing factors nevertheless weigh in favor of compassionate release in this case. Arias has no criminal history other than a 2016 conviction for possession of a forged instrument in the second degree. He has no history of violence. As the Court recognized at sentencing, drug addiction was an important cause of his conduct. Since his arrest, Arias has engaged in documented efforts to overcome this addiction, particularly through participation in the Residential Drug Abuse Program. Furthermore, in the more than twenty-eight months since he has been incarcerated, Arias has not committed any disciplinary infractions. *See* Dkt. 34-2. Granting compassionate release would also be consistent with the nature and circumstances of Arias's offense. Arias was not alleged to have been a leader or supervisor in the enterprise. His offense did not involve weapons or violence. He pleaded guilty and accepted responsibility for his actions. He also has strong community ties.

In short, Arias's documented efforts at rehabilitation, his limited and non-violent criminal history, and personal circumstances suggest to the Court that Arias is unlikely to pose a danger to the safety of the community upon his release from prison. After considering the factors set forth in § 3553(a), the Court concludes that extraordinary and compelling reasons warrant a reduction of Arias's sentence.

## CONCLUSION

For the foregoing reasons, Arias's motion for compassionate release is GRANTED. Arias's previously imposed sentence is reduced to time served to be followed by a term of supervised release, which shall be served on home incarceration, until January 19, 2023. *See*

18 U.S.C. § 3582(c)(1)(A) (authorizing the Court to "reduce the term of imprisonment (and []  impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment)"). All other terms of supervised release previously imposed shall also apply. The Clerk of Court is respectfully directed to terminate the motion pending at docket entry 34.

SO ORDERED.

Dated:   March 10, 2021
         New York, New York

                                              Ronnie Abrams
                                              United States District Judge