

June 3, 2022

**<u>VIA ECF</u>**
The Honorable Ronnie Abrams, U.S.D.J.
Thurgood Marshall, United States Courthouse
40 Foley Square
New York, NY 10007

Application granted.

SO ORDERED.

_____
Ronnie Abrams, U.S.D.J.
June 7, 2022

Re: *United States v. Carlos Arias-Baez,* 1:18-cr-00309-RA

Dear Judge Abrams:

We represent Carlos Arias-Baez in the above-captioned matter and respectfully submit this letter in support of Mr. Arias-Baez's request to modify the conditions of his supervised release from home incarceration to home detention, which will enable Probation to grant Mr. Arias-Baez approval to work, provided that Probation approves.

### A. Background

On October 25, 2018, Mr. Arias-Baez pleaded guilty to possession with intent to distribute heroin in violation of 21 U.S.C. § 841(b)(1)(B). On March 1, 2019, this Court imposed a mandatory minimum sentence of 60 months incarceration. Mr. Arias-Baez's crime, while serious, did not involve any violence or weapons of any kind, and Mr. Arias-Baez was not alleged to have been a leader or a supervisor in the offense.

While in prison, Mr. Arias-Baez worked hard to better himself and to address his drug addiction, which had fueled his participation in the offense. He enrolled in the Residential Drug Abuse Program ("RDAP") and completed courses in drug education, small business development, real estate, geography, economics, biographies, and parenting. He worked in a maintenance position at FCI McKean, where he was imprisoned, learning plumbing, electricity, how to install ceramic tiles and drywall repair. Mr. Arias-Baez also worked in the kitchen at McKean. Thomas Bailey, a Cook Foreman at McKean, wrote a letter in support of Mr. Arias-Baez, noting that he was an "exceptional worker" who "strives to get better every day," he is "very respectful" to the staff and his fellow inmates, and he "requires little supervision." *See* Dkt No. 34-12, Letters from McKean Food Service Supervisors, at 2. Similarly, Mr. Arias-Baez's supervisor at the MCC, where he was previously detained, wrote a glowing letter on Mr. Arias-Baez's behalf at sentencing, noting that he was "hardworking and diligent," "very enthusiastic and respectful," and "always gives 100% to his work." *See id*. at 3, Letter from Adler Canales.

On March 10, 2021, the Court granted Mr. Arias-Baez's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) in light of his health conditions and the COVID-19

pandemic.  *See* Dkt. No. 39.  As the Court noted in its release order, although Mr. Arias-Baez's crime was serious, he has no history of violence, his crime did not involve weapons or any violence, he has a very limited criminal history, and during his term of incarceration, he had no disciplinary infractions.  Dkt. No. 39 at 6.  The Court also noted that Mr. Arias-Baez's offense was largely the result of his drug addiction, which he was working to address through his participation in the RDAP program in prison.  *Id*.  The Court therefore ordered Mr. Arias-Baez to be placed on supervised release with home incarceration until January 19, 2023, the date on which he was expected to complete his custodial sentence.

Since his release, Mr. Arias-Baez has continued to do well and strives to better himself. He has been receiving treatment at Odyssey House, an organization that provides substance abuse treatment and counseling, for over a year, since April 2021.  Mr. Arias-Baez has completed five separate programs: (1) chemical dependency, (2) "thinking for change," which addresses criminal behavior, (3) gambling counseling, and (4) two sessions for relapse prevention.  *See* Exhibit A (Letter from Emily Meller, Mr. Arias-Baez's counselor at Odyssey House); Exhibit B (program certificates from Odyssey House).  Each program consists of 12 weeks of group therapy.  He also continues to receive individual substance abuse counseling through Odyssey House.  Through this program, Mr. Arias-Baez has received weekly drug testing over the course of the last year, all of which were clear with the exception of one test in January 2022 that was positive for cocaine and one test in February 2022 that was positive for alcohol.  *See* Exhibit A.  To get himself back on track after these brief setbacks, Mr. Arias-Baez re-enrolled in another 12-week session for relapse prevention, which he successfully completed. *Id*.  Mr. Arias-Baez's experience at Odyssey House shows a prolonged commitment to maintaining his sobriety, including to learning critical tools to help address and prevent relapse. In a recent conversation that I had with Ms. Meller, Mr. Arias-Baez's clinical counselor at Odyssey House, she told me that she has been very pleased with Mr. Arias-Baez's participation in their programs and that he is "one of her best clients."

We understand from Mr. Arias-Baez's probation officer, Pierre Reyes, that, overall, Mr. Arias-Baez has done well on supervision, other than the positive tests noted above, which Mr. Arias-Baez immediately addressed through additional treatment, and did not allow to derail his progress.  When Mr. Arias-Baez was being monitored on a phone app, he sometimes allowed his children to play on his phone, or he fell asleep and would occasionally miss check in alerts on his phone, but a change in the technology used to monitor him addressed these issues.  In October 2021, Mr. Arias-Baez was transferred to an ankle bracelet, and he has had no issues with his location monitoring in the months since then.

## B.   Mr. Arias-Baez would like to get a job so he can contribute to his family's expenses.

Mr. Arias-Baez has been at home, under home incarceration, for over a year, since March 2021.  Under the terms of home incarceration, he is not permitted to work outside the home, even if Probation supported such employment.  Mr. Arias-Baez lives with his brother who has to pay for their rent and for all their food, clothing, and other essential expenses, which has been a hardship.  In addition, Mr. Arias-Baez has two young children, a 7 year old boy and 10 year old boy, and he is eager to provide financial support to his partner for their expenses, which he is

currently unable to do.  As noted above, Mr. Arias-Baez has also demonstrated through his work while incarcerated that he is a hardworking and dedicated, and he is eager to apply himself and to use the construction skills he developed through participation in programming to legitimate employment in the community.

Despite the restrictions he is under, Mr. Arias-Baez has taken the initiative to explore employment opportunities, and he received an offer of employment as a part-time sales representative at 167 Computer Center in the Bronx.  *See* Exhibit C.  In January 2022, he also completed a 30-hour online training course from OSHA on construction safety and a 10-hour safety course from SAFCO, which would enable him to work in construction if and when he is able to secure such a position.  *See* Exhibit D (OSHA and SAFCO certification cards).  The requested change from home incarceration to home detention would enable Mr. Arias-Baez to explore these opportunities he created for himself, while remaining under the close supervision of Probation, which would have to approve any employment.

### C.  Mr. Arias-Baez's request is modest, given that he would have originally been eligible for home detention in July 2022.

Although the Court imposed the special condition of home incarceration on Mr. Arias-Baez until January 19, 2023, the original date on which he was expected to be released from BOP custody, his BOP sentence computation sheet shows that he would have been eligible for home detention on July 22, 2022, which would have provided Mr. Arias-Baez the flexibility to work.  *See* Exhibit E.  Further, under the Earned Time Credit program recently implemented by the BOP, Mr. Arias-Baez would likely have received substantial Earned Time Credit if he were still in BOP custody and been released even earlier, given the number of classes he took while he was incarcerated and would have continued to take.  *See* Dkt No. 34-4.[1]  Therefore, Mr. Arias-Baez's request to transfer from home incarceration to home detention now would only constitute a modest change.

\* \* \*

For these reasons, we respectfully request that the Court modify Mr. Arias-Baez's special conditions of supervised release from home incarceration to home detention.  This would enable Probation to grant Mr. Arias-Baez approval to work outside the home, if it determines that such approval is warranted.  It would also alleviate the financial strain on Mr. Arias-Baez and his family, and allow Mr. Arias-Baez to build a track record of legitimate employment, which will be a critical part of his successful reintegration into the community.  We have consulted with Mr.

---

[1] As the Department of Justice's Press Release announcing the Earned Time Credit Program states, "The First Step Act of 2018 provides eligible inmates the opportunity to earn 10 to 15 days of time credits for every 30 days of successful participation in Evidence Based Recidivism Reduction Programs and Productive Activities. The earned credits can be applied toward earlier placement in pre-release custody, such as RRCs and HC. In addition, at the BOP Director's discretion, up to 12 months of credit can be applied toward Supervised Release. Inmates are eligible to earn Time Credits retroactively back to Dec. 21, 2018, the date the First Step Act was enacted, subject to BOP's determination of eligibility."  *See* Department of Justice Press Release, *Justice Department Announces New Rule Implementing Federal Time Credits Program Established by the First Step Act*, Jan. 13, 2022, available at https://www.justice.gov/opa/pr/justice-department-announces-new-rule-implementing-federal-time-credits-program-established.

The Honorable Ronnie Abrams                                                    4
June 3, 2022

Arias-Baez's probation officer, Pierre Reyes, who supports our motion.  We have also consulted
with the Government and they take no position on our application.

     We thank the Court for its consideration of this matter.

                      Respectfully submitted,

                      /s/ Fern Mechlowitz

                      Fern Mechlowitz
                      Kristen Santillo

# EXHIBIT A



Odyssey House®
Where recovery lives

May 27th 2022

Fern Mechlowitz

Gelber + Santillo

347 West 36th Street, Suite 805

**RE: Carlos Arias-Baez**

Dear Fern Mechlowitz:

Odyssey House Outpatient Services is a community- based organization providing services to individuals and families experiencing psychosocial stressors related to substance use and misuse problems. We provide group and individual counseling sessions, case management, and referral to help our participants overcome any obstacles impeding their recovery from substance use disorder.

This letter is to inform you of Carlos' progress since his admission on 4/28/21. During his course of treatment Carlos completed Relapse Prevention twice, Thinking For Change, and Chemical Dependency groups, as well as Gambling Counseling. Carlos enrolled in Relapse Prevention a second time due to a positive toxicology for cocaine that was obtained on 1/20/22. Carlos was counseled around this and maintains he did not use any substances, however, he adhered to the treatment recommendations and attended relapse prevention consistently. Throughout his course of treatment Carlos has effectively communicated about any conflicts with program and has consistent attendance. Carlos' treatment plan includes self-identified goals for chemical dependency, legal, employment, education, family, gambling, and housing.

Carlos submits weekly toxicology's through our program. This year urine toxicology's were obtained on 2/10 which were negative for all substances, oral swab toxicology's were obtained on 1/6, 1/27, 2/3, 3/10, 3/17, 3/14, 4/7, 4/22, 4/29, 5/12, and 5/19 all of which were negative for substances. Oral swab toxicology's taken on 1/20 were positive for cocaine and 2/17 was positive for alcohol. Due to this Carlos was enrolled, and completed, in our Relapse Prevention group again. He has tested negative since 2/17.

If you have any questions or concerns please feel free to contact me at 646-934-7489 or 718-860-2994.

Best,

Emily Meller

**Emily Meller, MHC-LP**

Clinical Counselor

953 Southisn Blvd, Room 301

Bronx, NY 10459

646-934-7489, ext. 2021

# EXHIBIT B



# ODYSSEY HOUSE
# Outpatient Services

*presents*

# Certificate of
# Completion

*To*

## *Carlos Arias-Baez*

*For*

## Relapse Prevention

*Emily Meller, Counselor 10/25/21*



# ODYSSEY HOUSE
## Outpatient Services

*presents*

# Certificate of
# Completion

*To*

## *Carlos Arias-Baez*

*For*

## Relapse Prevention

*Emily Meller, MHC – LP 5/6/22*



Odyssey House®
Where recovery lives

# ODYSSEY HOUSE
## Outpatient Services

*presents*

# Certificate of
# Completion

*To*

## *Carlos Arias-Baez*

*For*

# Chemical Dependency

*Emily Meller, Counselor 7/8/21*



# ODYSSEY HOUSE
# Outpatient Services

*presents*

# Certificate of
# Completion

*To*

## *Carlos Arias-Baez*

*For*

# Gambling Counseling

*Maria Tapia, CASAC, CRPA 7/26/21*



Odyssey House®
Where recovery lives

# ODYSSEY HOUSE
## Outpatient Services

*presents*

# Certificate of

# Completion

*To*

## *Carlos Arias-Baez*

*For*

# Thinking for Change

*Emily Meller, Counselor 7/21/21*

# EXHIBIT C

# 167COMPUTER CENTER

**101 E 167th St Bronx NY 10452**
**(718) 293-2007**

# EMPLOYMENT OFFER LETTER

May 19th, 2022

167 Computer Center
MR. Juan Mejia,
Manager

Mr. Carlos Arias-Baez
███████████
Bronx NY ████

Ref: EMPLOYMENT OFFER

Dear Carlos Arias-Baez:

167Computer Center is pleased to offer you the position of Sales Representative. We are very excited about the potential you and your experience bring to the table.

As discussed during your interview, you will be working at our 101 E 167th ST location, where our retail department is located. You will report directly to Mr. Juan Mejia as your immediate supervisor. Once you complete orientation you will begin training and working in your position as Sales Representative.

If you accept this offer of employment, your employment job responsibilities shall be as follow:

Assist customers

Your schedule will be Tuesday – Saturday from 3:00 pm to 7:00 pm
You will have a beginning hourly salary of $17.00

You or the Company may terminate the employment relationship at any time. Your employment shall be deemed as voluntary in nature and shall be considered employment at will and both parties acknowledge and agree that employment is not set for a specific duration of time.

If you decide to accept our offer of employment, and if you are agreement with the above terms and conditions, we will formalize our discussion with an employment agreement that shall be presented to you on your first day of employment. This letter itself does not constitute an employment agreement, only an offer of employment.

I look forward to welcoming you on board and to working together.

Sincerely,

Juan Mejia
Manager

# EXHIBIT D



**OSHA**
Occupational Safety
and Health Administration

**12-602349641**

This card acknowledges that the recipient has successfully completed:

**30-hour Construction Safety and Health**

This card issued to:

**CARLOS ARIAS**

Jaime Rogel
Trainer Name

01/20/2022
Date of Issue

---

31-21 31st Street LIC, NY 11106 | 929.296.0303

www.safcoconstructionservices.com

**10 HOUR WORKER SST TRAINING COURSES**

**CARLOS M. ARIAS**

**Issued:** 1/15/2022
**Instructor:** Jaime Rogel
**Course Provider ID:** 4Q53

8 Hour Fall Prevention: SST - 307
2 Hour Drug & Alcohol Awarenes: SST - 302

**This is not a Final SST card*

39129

ACCREDITED
**IACET**
PROVIDER

Course Administrator

ARIAS

# EXHIBIT E

```
NERBD                *         PUBLIC INFORMATION        *      01-29-2021
PAGE 001             *            INMATE DATA            *      11:01:08
                                AS OF 01-29-2021

REGNO..: 76121-054 NAME: ARIAS-BAEZ, CARLOS MANUEL


                     RESP OF: MCK
                     PHONE..: 814-362-8900     FAX: 814-363-6821
                                               RACE/SEX...: WHITE / MALE
                                               AGE:  32
PROJ REL MT: GOOD CONDUCT TIME RELEASE         PAR ELIG DT: N/A
PROJ REL DT: 01-19-2023                        PAR HEAR DT:
```

```
G0002       MORE PAGES TO FOLLOW . . .
```

```
NERBD              *     PUBLIC INFORMATION       *      01-29-2021
PAGE 002           *        INMATE DATA           *      11:01:08
                         AS OF 01-29-2021


REGNO..: 76121-054 NAME: ARIAS-BAEZ, CARLOS MANUEL

                    RESP OF: MCK
                    PHONE..: 814-362-8900   FAX: 814-363-6821
HOME DETENTION ELIGIBILITY DATE: 07-22-2022


THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  01-19-2023 VIA GCT REL

---------------------CURRENT JUDGMENT/WARRANT NO: 010 -----------------------

COURT OF JURISDICTION...........: NEW YORK, SOUTHERN DISTRICT
DOCKET NUMBER...................: 18-CR-309-RA-1
JUDGE...........................: ABRAMS
DATE SENTENCED/PROBATION IMPOSED: 03-01-2019
DATE COMMITTED..................: 04-02-2019
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO


                FELONY ASSESS  MISDMNR ASSESS  FINES       COSTS
NON-COMMITTED.: $100.00        $00.00          $00.00      $00.00

RESTITUTION...: PROPERTY:  NO  SERVICES:  NO        AMOUNT: $00.00

-----------------------CURRENT OBLIGATION NO: 010 ------------------------
OFFENSE CODE....: 380    21:841 SCH I NARCOTIC
OFF/CHG: 21:812 21:841(B)(1)(B) POSSESSION WITH INTENT TO DISTRIBUTE A
          CONTROLLED SUBSTANCE

  SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
  SENTENCE IMPOSED/TIME TO SERVE.:   60 MONTHS
  TERM OF SUPERVISION............:    4 YEARS
  DATE OF OFFENSE................: 01-30-2018




G0002      MORE PAGES TO FOLLOW . . .
```

```
NERBD              *       PUBLIC INFORMATION       *      01-29-2021
PAGE 003 OF 003 *              INMATE DATA          *      11:01:08
                           AS OF 01-29-2021


REGNO..: 76121-054 NAME: ARIAS-BAEZ, CARLOS MANUEL

                    RESP OF: MCK
                    PHONE..: 814-362-8900   FAX: 814-363-6821
------------------------CURRENT COMPUTATION NO: 010 ------------------------


COMPUTATION 010 WAS LAST UPDATED ON 02-04-2020 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 04-29-2019 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

DATE COMPUTATION BEGAN..........: 03-01-2019
TOTAL TERM IN EFFECT............:   60 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:    5 YEARS
EARLIEST DATE OF OFFENSE........: 01-30-2018

JAIL CREDIT.....................:    FROM DATE    THRU DATE
                                     01-30-2018   02-07-2018
                                     10-25-2018   02-28-2019

TOTAL PRIOR CREDIT TIME.........: 136
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 270
TOTAL GCT EARNED................: 108
STATUTORY RELEASE DATE PROJECTED: 01-19-2023
ELDERLY OFFENDER TWO THIRDS DATE: 02-15-2022
EXPIRATION FULL TERM DATE.......: 10-16-2023
TIME SERVED.....................:    2 YEARS      3 MONTHS      14 DAYS
PERCENTAGE OF FULL TERM SERVED..: 45.8
PERCENT OF STATUTORY TERM SERVED: 53.7

PROJECTED SATISFACTION DATE.....: 01-19-2023
PROJECTED SATISFACTION METHOD...: GCT REL




S0055        NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE
```