

March 25, 2024

**VIA ECF**
The Honorable Ronnie Abrams, U.S.D.J.
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Application granted.

SO ORDERED.

_____
Ronnie Abrams, U.S.D.J.
April 11, 2024

      Re: *United States v. Carlos Arias-Baez,* 1:18-cr-00309-RA

Dear Judge Abrams:

      We represent Carlos Arias-Baez in the above-captioned matter and write to respectfully ask the Court to terminate Mr. Arias-Baez's term of supervised release early pursuant to 18 U.S.C. § 3583(e). Mr. Arias-Baez has been on supervised release for three years, since March 2021, and has approximately one year of supervision remaining. He respectfully requests early termination of his supervised release so that he can more easily travel outside of the jurisdiction, specifically to the Dominican Republic where his father, grandmother and numerous extended family members live, and so that he can assist his employer with tasks that require travel. Since Mr. Arias-Baez adjusted well to supervision, he has shown a commitment to rehabilitation for three years, he has successfully reintegrated with his family, and he is gainfully employment and seeks early termination in part to enable him to advance his career, there is no further need to keep him on supervision and the factors under 18 U.S.C. § 3583(e) weigh in favor of early termination. While Probation objects to early termination based upon the nature of the offense, the U.S. Attorney's Office has no objection to early termination.

      **A. Background**

      On October 25, 2018, Mr. Arias-Baez pleaded guilty to possession with intent to distribute heroin in violation of 21 U.S.C. § 841(b)(1)(B). On March 1, 2019, this Court imposed a mandatory minimum sentence of 60 months incarceration. Mr. Arias-Baez's crime, while serious, did not involve violence or weapons of any kind, and Mr. Arias-Baez was not alleged to have been a leader or a supervisor in the offense.

      While in prison, Mr. Arias-Baez worked hard to better himself and to address his drug addiction, which had fueled his participation in the offense. He enrolled in the Residential Drug Abuse Program ("RDAP") and completed courses in drug education, small business development, real estate, geography, economics, biographies, and parenting. He worked in a maintenance position at FCI McKean, where he was imprisoned, learning plumbing, electricity, how to install ceramic tiles and drywall repair. Mr. Arias-Baez also worked in the kitchen at McKean. Thomas Bailey, a Cook Foreman at McKean, wrote a letter in support of Mr. Arias-Baez, noting that he

The Honorable Ronnie Abrams 2
March 25, 2024

was an "exceptional worker" who "strives to get better every day," he is "very respectful" to the staff and his fellow inmates, and he "requires little supervision." *See* Dkt No. 34-12, Letters from McKean Food Service Supervisors, at 2. Similarly, Mr. Arias-Baez's supervisor at the MCC, where he was also detained, wrote a glowing letter on Mr. Arias-Baez's behalf at sentencing, noting that he was "hardworking and diligent," "very enthusiastic and respectful," and "always gives 100% to his work." *See id*. at 3, Letter from Adler Canales.

On March 10, 2021, the Court granted Mr. Arias-Baez's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) in light of his health conditions and the COVID-19 pandemic. *See* Dkt. No. 39. As the Court noted in its release order, although Mr. Arias-Baez's crime was serious, he has no history of violence, his crime did not involve weapons or any violence, he has a very limited criminal history, and during his term of incarceration, he had no disciplinary infractions. Dkt. No. 39 at 6. The Court also noted that Mr. Arias-Baez's offense was largely the result of his drug addiction, which he was working to address through his participation in the RDAP program in prison. *Id*. The Court therefore ordered Mr. Arias-Baez to be placed on supervised release with home incarceration until January 19, 2023, the date on which he was initially projected to complete his term of imprisonment. Dkt. No. 39 at 6.[1] Because he was originally sentenced to a period of incarceration and a 4-year term of supervised release, Mr. Arias-Baez's term of supervised release is scheduled to end in March 2025, four years from the date of his release from BOP custody.

Since his release, Mr. Arias-Baez has continued to do well and strives to better himself. He received extensive treatment at Odyssey House, an organization that provides substance abuse treatment and counseling, for over a year after his release. Mr. Arias-Baez completed five separate programs: (1) chemical dependency, (2) "thinking for change," which addresses criminal behavior, (3) gambling counseling, and (4) two sessions for relapse prevention. *See* Exhibit A (program certificates from Odyssey House). Each program consisted of 12 weeks of group therapy. He also received individual substance abuse counseling through Odyssey House. Mr. Arias-Baez's experience at Odyssey House shows his prolonged commitment to maintaining his sobriety, including by learning critical tools to help address and prevent relapse. Since his completion of the programs at Odyssey House, Mr. Arias-Baez has not tested positive for any substances and has maintained his commitment to living a healthy life.

In June 2022, after this Court granted Mr. Arias-Baez permission to work outside the home, Mr. Arias-Baez obtained a job with 167 Computer Center, where he has worked ever since. Mr. Arias-Baez repairs cell phones, computers, and tablets at 167 Computer Center, and has developed significant technical skills in this area over the course of nearly two years. Juan Mejia, the owner of the store and Mr. Arias-Baez's supervisor, writes that since Mr. Arias-Baez has joined the company, "he has consistently demonstrated dedication and reliability," arriving early for work each shift and has a "a great work ethic and initiative with inventory and customer service." *See*

---

[1] While Mr. Arias-Baez's original release date was projected to be January 2023, under the Earned Time Credit program that has since been implemented by the BOP, Mr. Arias-Baez would likely have received substantial Earned Time Credits if he had remained BOP custody, given how many classes he took while he was incarcerated and would have continued to take had he remained incarcerated. Mr. Arias-Baez could have earned "10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities," with a potential to earn an additional 5 days of time credits for every 30 days of such programming based on the BOP's assessment of his recidivism risk. 18 U.S.C. § 3632(d)(4)(A)(i)-(ii).

The Honorable Ronnie Abrams 3
March 25, 2024

Letter from Juan Mejia, attached as Exhibit B.  Mr. Mejia further writes that he trusts Mr. Arias-Baez "to oversee the day to day operations of the store", but that needing to obtain preapproval to travel does "hinder his tasks" because Mr. Arias-Baez "will be needed to travel for work related tasks and sourcing of materials."  *Id*.  The computer center sometimes purchases parts for computers, tablets and cell phones from out-of-state suppliers, but Mr. Arias-Baez is not able to assist in the purchase of these materials given that he cannot travel without preapproval from Probation.

Mr. Arias-Baez has also stepped up to be an important presence in the lives of his children since his release from prison.  He has two children, ages 8 and 12 years old.  As the mother of his children, Geraldin Familia, writes in her letter of support, Mr. Arias-Baez has been a dependable father figure since his release from custody, spending weekends with his children, and providing Ms. Familia with $200 weekly to help support the children.  *See* Exhibit C.

Finally, Mr. Arias-Baez's father, grandmother, and multiple aunts, uncles and cousins live in the Dominican Republic.  Mr. Arias-Baez would like to travel to see his father and other family members more easily, without having to obtain preapproval for travel.

We understand from Mr. Arias-Baez's probation officer, Brittany Valentine, that Mr. Arias-Baez has been compliant with his conditions of supervised release, is on the lowest level of supervision, and is only required to submit supervision reports online on a monthly basis.  Nevertheless, Probation opposes this application due to the nature of the underlying offense.  However, as noted above, the Government has no objection to Mr. Arias-Baez's request for early termination of his supervision.

### B.  Early Termination of Supervised Release is Appropriate Here

After considering the § 3553(a) factors, "[t]he court may … terminate a term of supervised release ... at any time after the expiration of one year of supervised release … if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice" 18 U.S.C. § 3583(e)(1).  We submit that early termination of Mr. Arias-Baez's supervised release is in the interests of justice and is warranted here by Mr. Arias-Baez's successful reintegration into the community since his release from imprisonment three years ago, his dedication to his job, his support of his family, and his need to travel outside of the jurisdiction for both business and personal reasons.

Mr. Arias-Baez has demonstrated not only that he is committed to rehabilitation, but that he is rehabilitated.  Mr. Arias-Baez was a model prisoner during his incarceration, successfully completing drug treatment classes and taking a multitude of other courses.  Since his release, he has continued to strive for success, first by completing multiple programs at the Odyssey House and then by securing employment and remaining committed to it.  Early termination of supervised release is warranted here, given Mr. Arias-Baez's demonstrated rehabilitation.  *See United States v. Filocomo*, No. 02CR30731S16NGG, 2022 WL 118735, at *2 (E.D.N.Y. Jan. 12, 2022) (granting early termination, over government objection, where defendant "demonstrated a commitment to his education and growth" by completing a plethora of courses while incarcerated, and "found meaningful ways to serve his community while in detention and during the period of supervised

The Honorable Ronnie Abrams 4
March 25, 2024

release that he has served so far"); *United States v. Rentas*, 573 F. Supp. 2d 801, 802 (S.D.N.Y. 2008) (granting early termination of supervision where defendant maintained steady employment and complied with all conditions of release).

Early termination is further warranted because Mr. Arias-Baez's current conditions of supervision are impeding his growth opportunities with his current employer. Courts regularly recognize that the pursuit of lawful employment opportunities provides good cause for early termination of supervised release. *See, e.g., United States v. Bennett*, No. 11-CR-424 (AMD), 2021 WL 4798827, at *1 (E.D.N.Y. Oct. 14, 2021) (granting early termination where defendant secured promotion that would require him to travel out of state as needed); *United States v. Harris*, 689 F. Supp. 2d 692, 696 (S.D.N.Y. 2010) (granting early termination where defendant's inability to travel out of the jurisdiction with minimal notice hampered his ability to effectively do his job). In addition, early termination of supervised release will allow Mr. Arias-Baez to be able to more easily visit his father and other family members in the Dominican Republic. *See United States v. Wang*, No. 18-CR-882-LTS-6, 2023 WL 7019111, at *2 (S.D.N.Y. Oct. 25, 2023) (granting defendant early termination of supervised release so he could more easily visit his ailing mother who lived abroad).

Further, Mr. Arias-Baez poses no safety risk, he has already served a substantial term of supervised release (three years), and he has demonstrated that he is fully rehabilitated. *See United States v. Erskine*, No. 05 CR. 1234 (DC), 2021 WL 861270, at *1 (S.D.N.Y. Mar. 8, 2021) ("The § 3553(a) factors require [courts] 'to consider general punishment issues such as deterrence, public safety, rehabilitation, proportionality, and consistency,'" when evaluating a motion for early termination of supervised release).

Given that "[s]upervised release is not, fundamentally, part of the punishment; rather, its focus is rehabilitation," there is no longer any need for a fully rehabilitated individual such as Mr. Arias-Baez to remain on supervised release. *Erskine*, 2021 WL 861270, at *2 (granting early termination of supervised release where defendant was "not only fully compliant with the terms of his supervision but also has taken considerable strides in reintegrating into his community through employment and service to his family"); *United States v. Hutchinson*, No. 97-CR-1146, 2021 WL 6122745, at *1 (E.D.N.Y. Dec. 28, 2021) (noting that that "the primary goal of such a term is to ease the defendant's transition into the community after the service of a long prison term," and granting early termination based on defendant's good conduct and successful reintegration into society). Indeed, even the Sentencing Guidelines encourage courts to terminate an individual's supervised release early in appropriate cases. *See* U.S.S.G. § 5D1.2, App. Note 5 ("The court has authority to terminate … a term of supervised release…. The court is encouraged to exercise this authority in appropriate cases.").

Thank you for your consideration of this matter.

Respectfully submitted,

/s/ Fern Mechlowitz

Fern Mechlowitz
Kristen Santillo

# EXHIBIT A



## ODYSSEY HOUSE
### Outpatient Services

*presents*

# Certificate of Completion

To

## Carlos Arias-Baez

For

### Program Completion

Bethzaida Rodriguez, CASAC-T 9/13/2022

Mary Callahan, LCSW 9/13/2022



# ODYSSEY HOUSE
## Outpatient Services

*presents*

# Certificate of Completion

*To*

## Carlos Arias-Baez

*For*

# Relapse Prevention

*Emily Meller, Counselor 10/25/21*



ODYSSEY HOUSE
Outpatient Services

*presents*

Certificate of Completion

To

Carlos Arias-Baez

For

Relapse Prevention

Emily Meller, MHC – LP 5/6/22



**ODYSSEY HOUSE Outpatient Services**

*presents*

# Certificate of Completion

To

*Carlos Arias-Baez*

For

**Chemical Dependency**

Emily Meller, Counselor 7/8/21



# ODYSSEY HOUSE
## Outpatient Services

*presents*

# Certificate of Completion

*To*

## Carlos Arias-Baez

*For*

# Gambling Counseling

*Maria Tapia, CASAC, CRPA 7/26/21*



**ODYSSEY HOUSE**
Outpatient Services

*presents*

**Certificate of Completion**

*To*

**Carlos Arias-Baez**

*For*

**Thinking for Change**

*Emily Meller, Counselor 7/21/21*

# EXHIBIT B

Juan Mejia
167 Computer Center
101 E 167th Street
Bronx, NY 10452


To Whom It May Concern:

I am writing on behalf of Carlos Arias, a current employee at 167 Computer Center. I am the owner of 167 Computer Center, as well as Carlos's supervisor. Carlos has been an employee of 167 Computer Center since June 2022, and I am writing to express my support for early release of supervision for Carlos Arias.

During Carlos's time at our company, he has consistently demonstrated dedication and reliability. He arrives early every week for each work's shift. He has also demonstrated a great work ethic and initiative with inventory and customer service. I can trust Carlos to oversee the day-to-day operations of the store. The only aspect of his supervision that hinders his tasks is the pre-approval notice for travel. Carlos will be needed to travel for work related tasks and sourcing of materials.

As an employer, we believe in giving individuals a second chance and supporting their rehabilitation and reintegration into society. We have witnessed firsthand Carlos's remorse for past actions and his sincere efforts to make positive changes in his life.

 Granting Carlos his freedom will not only benefit him personally but also allow him to continue contributing to society as a productive member of our workforce.

In conclusion, I respectfully request that the /court consider Carlos Arias' exemplary conduct positive work history, and the support of his employer in its decision.

    Thank you for your attention to this matter.

    **Sincerely,**
    **Juan Mejia**

# EXHIBIT C

Geraldin Familia
1240 Walton Ave
Apt. 519
Bronx, NY 10452

To whom it may concern:

I am writing in support of Carlos Arias' release from supervision. Carlos has shown a growth in character and has lived up to his responsibility as a father since his release from prison. Carlos has provided economic support for our children of $200 on a weekly basis. Carlos has dedicated time to his children, spending weekends together and overnight visits. Carlos has proven to be dependable and a great father figure. For these reasons I respectfully ask that the Court release Carlos Arias from supervision and grant him his freedom.

Thank you for your consideration.

Sincerely,

*Geraldin Familia*

Geraldin Familia